**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**


STEVEN L. MARSHALL
ADC #104655                                                            PLAINTIFF


V.                                    5:06CV00300 SWW/JTR


DR.CONNIE HUBBARD, Varner Unit,
Arkansas Department of Correction, et al.                DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

## INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge

Susan Webber Wright. Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the United States District Judge,

you must, at the same time that you file your written objections, include a "Statement of Necessity"

that sets forth the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## I.  Introduction

Plaintiff, who is currently incarcerated at the Maximum Security Unit of the Arkansas Department of Correction, has filed a *pro se* § 1983 Complaint and an Amended Complaint.  *See* docket entries #2 and #5.  For the reasons set forth herein, the Court recommends that: (1) Defendant Max Mobley be dismissed, with prejudice, because Plaintiff has failed to state a viable § 1983 claim against him; and (2) service be ordered upon the remaining Defendants.

## II.  Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers."  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, such liberal pleading standards apply only to a plaintiff's factual allegations.  *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989).  A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory.  *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A.      **Defendants Hubbard, Alexander, Lytle, McCarthy, and Shelaat**

In his Complaint, Plaintiff alleges that Defendants Dr. Connie Hubbard, Dr. Alexander, Dr. Lytle, Laura McCarthy, and Dr. Shelaat denied him adequate medical care for his injured right wrist.[1]  *See* docket entries #2 and #5.  Construing Plaintiff's Complaint liberally, the Court concludes, <u>for screening purposes only</u>, that Plaintiff has stated a cognizable claim for relief under 42 U.S.C. § 1983.  Therefore, the Court recommends that service be ordered upon those five Defendants at this time.[2]

_____

[1]  In his Amended Complaint, Plaintiff has clarified that he is suing those five Defendants in both their official and individual capacities.  *See* docket entry #5; *see also* Fed. R. Civ. P. 15(a) (providing that "party may amend the party's pleading once as a matter of course [and without leave of the court] at any time before a responsive pleading is served . . . ").

[2]  Defendants are advised that the Court has <u>not</u> screened this action for complete exhaustion.  *See Smith v. Unknown Corr. Officer*, No. 05-2271, 2006 WL 2620837 (8th Cir. Sept. 14, 2006) (unpublished opinion) (holding that it was improper to grant a motion to dismiss due to a lack of exhaustion based on the complaint alone, and without giving the prisoner and opportunity to file a

**B.     Defendant Mobley**

In his Amended Complaint, Plaintiff clarifies that Defendant Mobley's only personal involvement in this case is that he affirmed the denial of a grievance Plaintiff wrote about the allegedly inadequate medical care he was receiving at the hands of the other five Defendants. *See* docket entry #5.

It is well settled that there is no vicarious liability in § 1983 actions, and, instead, a defendant may be held liable only for his or her direct, personal involvement in the alleged constitutional violation. *Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997). Additionally, the Eighth Circuit has held on several occasions that prison supervisors, who lack medical expertise, cannot be held liable for decisions made by medically trained prison staff. *See, e.g., Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002) (holding that a prison medical director could not be held liable for refusing to override a prison doctor's decision that an inmate did not need a continuous positive air pressure machine to treat sleep apnea); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that a prison superintendent could not be held liable for a prison doctors' failure to properly diagnosis symptoms of an impending stroke); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) (holding that a prison treatment director and a prison warden could not be held liable for "the medical staff's diagnostic decision not to refer [an inmate] to a doctor for treatment of his shoulder injury"). Accordingly, the Court recommends that Defendant Mobley be dismissed, with prejudice, because Plaintiff has failed to state a viable § 1983 claim against him.

---

response to the motion to dismiss that provided proof of exhaustion); *Nerness v. Johnson,* 401 F.3d 874, 876 (8th Cir. 2005) (explaining that: "This circuit considers the PLRA's exhaustion requirement to be an affirmative defense that the defendant has the burden to plead and prove").

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Defendant Max Mobley be dismissed from this action, with prejudice, because Plaintiff has failed to state a viable § 1983 claim against him.

2.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Partial Recommended Disposition would not be taken in good faith.

3.      The Clerk be directed to prepare a summons for Defendants Hubbard, Alexander, Lytle, McCarthy, and Shelaat, and that the United States Marshal be directed to serve a summons, the Complaint (docket entry #2), and the Amended Complaint (docket entry #5) upon those five Defendants, through the Humphries and Lewis law firm, without prepayment of fees and costs or security therefor.[3]

Dated this 12th day of December, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] If any of the Defendants are no longer CMS employees, the Humphries and Lewis law firm shall file, with the return of unexecuted service, a **<u>SEALED</u>** Statement providing the last known private mailing address for the unserved Defendant.